The opinion of the court was delivered by
Breaux, J.
The public administrator applied for the administration of the succession of the late Thomas Barry.
Mrs. Mary Barry opposed the application, alleging that she was the widow of Thomas Barry.
This court held, in the former appeal, that there was evidence of a suit for divorce and of a judgment rendered, dissolving the marriage, but that it was not sufficiently shown that any decree had ever been signed. Succession of Thomas Barry, 47 An. 838, 841.
The administration having been entrusted to Mrs. Mary Barry, she filed her final account.
The heirs of Margaret Barry, averring that she was the wife of Thomas Barry, claim by inheritance her interest in the community which, they contend, existed between her and Thomas Barry.
The District Court maintained their opposition and decreed that they were entitled to a portion of the community.
From the judgment of the District Court the appellant prosecutes this appeal in her individual capacity and as administratrix.
*1145 The appellees have accepted the judgment as correct and have made no application to amend the judgment. In so far as relates to the appellees, no issue is presented by them in regard to the amount allowed as their share of the community.
The appellant urges that Margaret Barry never was the wife of Thomas Barry, as the latter Thomas Barry had not obtained a divorce prior to the marriage ceremony, whereby Margaret Barry claimed to have been united in marriage with him.
In the second place it is contended that no community pro pert 3' was acquired by them.
It is not denied that Thomas Barry was married to the appellant in 1874 and that she separated from her husbiind. It is also admitted that proceedings for a divorce were instituted by Thomas Barry against his first wife. The point of difference between the appellant and appellees is whether it was prosecuted or not to a final judgment. While not conclusive there is proof before us that a judgment of divorce was rendered. But we are not concerned with the finality or validity of that decree, as the question is the good faith vel non of the second wife, from whom the appellees inherit.
The second wife was married to Thomas Barry on the 12th of May, 1879. The marriage was duly solemnized; she died without issue in January, 1886.
The evidence discloses that she was industrious and economical. She was a wage earner, and her small earnings became part of the common property.
The first wife, who is the appellant here, lived in this city under the name of Mary Doyle, a name by which she was known after her separation from her husband. She never, at any time, disclosed to any one, as far as the record shows, that she was the wife of Thomas Barry. She, by her silence, lent countenance to statements that he was a divorced man. After his death, a few years after the death of his second wife, the widow Mary Barry, who claims that she is the sole heir of the community, did not attend the funeral, and was indifferent, save as to the property, to recover which, she invoked ties of matrimony long ignored, ties which had been advertised as dissolved as required by law in matter of divorce in the-official journal. A judgment of divorce was advertised as required by law in matter of divorce.
The judgment is lost, or possibly the advertisement was unauthor *1146 ized and unsupported by judgment. Be this as it may, the second wife and her family, prior to her marriage, had reason to believe that Thomas Barry was a divorced man; a status supported by common report. It is not the case of one who becomes the hasty and thoughtless victim of the merest impostor. He was known, and had, during many years in this city by his industry, accumulated a few thousand dollars.
The evidence at hand, after many years since the divorce proceedings, may not have been sufficient to prove conclusively that the divorce had been decreed, and yet justify the belief, in good faith, that it had been granted.
There was error on the part of the wife; it was not, however, under the circumstances inexcusable. The record discloses that the wife was ignorant of any pre-existing hindrance to her marriage. Her memory, in all justice, should be acquitted from the obloquy of concubinage, for she, we believe, became Thomas Barry’s wife in good faith. She had no cause, in reason, to suspect that he was not the divorced man he represented himself as being. He also seems to have acted in good faith. May it not be that the copy of the judgment was lost or mislaid, and that he did not commit the offence charged. Her good faith, at any rate, is sustained, as we appreciate the evidence.
“ L’époux qui ignore que son conjoint est engagé dans les liens d’un manage est de bonne foi; cela a été jugé, et, en vérité, il ne faut pas d’arret pour démontrer ce qui est clair comme la lumiére du jour.” Laurent, Vol. 2, p. 636.
As the wife had reason to believe that the tie uniting them was legitimate, the marriage produced civil effects. The marriage contracted on the faith of a divorce, although it subsequently is decreed that the divorce was null, will have civil effect in favor of the spouse who was in good faith.
This being our conclusion in regard to the good faith of the second wife, it follows that the community must be settled as if there had been a community in fact under a marriage in regard to the legality of which there was no question.
But it is contended by the appellant, Mary Barry, that the record does not disclose that there was a profit enuring to the community .at the death of Margaret B .rry, the second wife, in 1886.
The proof upon this point is an act of sale signed by Thomas *1147 Barry. A declaration in the act shows thát the property was bought by him during the existence of the community with the second wife. The declaration, unquestioned as to its correctness, proved the date it was bought.
The purchase by him and the sale were made during the existence of the community.
The objection more particularly pressed upon our attention is: If Barry came into possession of the price of the property in 1884, non constat that the money was still in his possession when Margaret Barry died in 1886.
We think a statement of the fact bearing upon this point is a satisfactory answer to the objection.
The credit portion of the sale of the community property was collected by the survivor in community after the death of Che second Mrs.. Barry. It was an asset of the community collected after its dissolution.
With reference to the cash paid at the time that the deed was signed, about nine months prior to the death of Mrs. Margaret Barry:
We do not find that the cash portion of that sale is included in the amount allowed to the heirs of Mrs. Margaret Barry, and therefore the objection is not sustained by the fact.
As to the remainder collected after her death, it was beyond all question community, and as such properly distributed by'the judgment of the District Court.
The article of the Code is plain. Its effects are divided in the equal portions at the dissolution of the marriage, and all effects are presumed common effects, in making this division, unless it be satisfactorily proved which of such effects they brought in marriage. C. C. 2405.
The promissory notes in the possession of the husband at the dissolution of che marriage must be accounted for in the settlement of the community. It is a fair inference that they have been collected by him.
Both appellant and appellee have directed our attention to a clerical error in the judgment; the names of the mother of Margaret Barry, Mrs. Christine Foltz, and the name of a brother, John G. Foltz, were omitted. The amendment of the judgment will, therefore, be made by inserting the names of all the opponents in the judgment.
*1148 By consent of counsel, Mrs. Mary Barry’s appeal and the devolutive appeal of the opponents are heard at the same time, and the question of costs, in so far as relates to opponents, is decided.
The appellees ask that the judgmeat be amended by striking out the clause of the judgment decreeing a contribution to the costs and expenses in proportion to the sum allowed to the opponents.
The settlement was for the benefit of both communities, and to enable each to receive its portion; that settlement enters into the settlement of the succession, and the costs were properly taxed by the judge of'the District Court.
It has been said in a case similar to this case that the rule the most reasonable to follow is to consider the property acquired during each marriage as belonging to the community of each marriage (as the result of a partnership such as partnership composed of two strangers) and to divide the acquets and gains, not according to the rules applying to the conjugal community, but according to the rules whereby generally partnerships are governed.
In the case of the settlement of two partnerships the costs would be taxed as thev are here taxed.
We think it just to apply the rule which applies to the settlement of partnerships.
It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed with the following amendments, making Mrs. Christine Foltz, mother, and John G. Foltz, her brother, parties to the appeal, and to the judgment decreeing that as heirs of Margaret Barry they are entitled to inherit the sum stated in the judgment.
As amended, the judgment is affirmed at appellees’ costs in each case, i. e. 11,950 and 12,163.